# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No: 6:19-cv-1483-Orl-CEM-DCI**

**DONALD ASHMAN,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT (Doc. 13)** |
| **FILED:** | **March 6, 2020** |
| **THEREON** it is **RECOMMENDED** that the Motion be **GRANTED** | |

### I.   Background

On March 6, 2020, the United States of America (Plaintiff) filed a Complaint against Defendant Donald Ashman (Ashman) seeking to reduce to judgment Ashman's unpaid federal income tax liabilities. Doc. 1. On December 16, 2019, Plaintiff filed a return of service. Doc. 10. Plaintiff has not filed a response to the Complaint. On January 10, 2020, the Clerk entered default. Doc. 12.

Pending before the Court is Plaintiff's Motion for Default Judgment (the Motion). Doc. 13. Ashman has not filed a response and the time for doing so has elapsed.

## II. Allegations in the Complaint

Plaintiff alleges that the instant action was commenced at the direction of the Attorney General, with the authorization of the Chief Counsel of the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 7401. Doc. 1 at 1. A delegate of the Secretary of the Treasury assessed income taxes, plus penalties and interest as follows:

| Tax Year | Assessment Date | Tax | Interest | Penalties |
|---|---|---|---|---|
| 2004 | 9/7/2009 | $18,408.00 | $7,589.66 | $527.51 (estimated tax) $4,141.80 (late filing) $4,602.00 (late payment) |
| | 6/2/2014 | | $6,127.60 | |
| 2005 | 9/7/2009 | $27,939.00 | $8,623.75 | $1,120.68 (estimated tax) $6,286.28 (late filing) $5,727.49 (late payment) |
| | 6/7/2010 | | | $1,257.26 (late payment) |
| | 6/2/2014 | | $8,808.68 | |
| 2007 | 9/7/2009 | $12,411.00 | $1,101.83 | $564.86 (estimated tax) $2,792.48 (late filing) $1,054.93 (late payment) |
| | 6/7/2010 | | | $930.83 (late payment) |
| | 6/6/2011 | | | $1,116.99 (late payment) |
| | 6/2/2014 | | $3,352.26 | |

*Id*. at 2.

Further, Ashman filed a federal income tax return for the 2006 tax year reporting no tax liability and the service examined the return. *Id*. at 2. A delegate of the Secretary of the Treasury assessed against Ashman income taxes, penalties and interest as follows:

| Tax year | Assessment Date | Tax | Interest | Penalties |
|---|---|---|---|---|
| 2006 | 9/7/2009 | $32,536.00 | $6,173.95 | $6,507.20 (accuracy-related) |
|  | 6/7/2010 |  |  | $2,602.88 (late payment) |
|  | 6/6/2011 |  |  | $3,904.32 (late payment) |
|  | 6/4/2012 |  |  | $1,626.80 (late payment) |
|  | 6/2/2014 |  | $8,697.66 |  |

*Id*. at 3.

Notices of assessment and demands for payment were sent, but Ashman failed to pay his federal income tax liabilities in full. *Id*. As February 15, 2020, Ashman was indebted $235,279.09 to the United States while interest, penalties, and statutory additions continue to accrue until the liabilities are paid in full. *Id*.

**III.    Standard of Review**

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true,

adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

## IV. ANALYSIS

### A. Liability

"Before a taxpayer is subject to any tax liability, the Internal Revenue Service must first determine that a tax deficiency exists." *United States v. Navolio*, 2008 WL 2413956, at *2 (M.D. Fla. June 11, 2008). "As explained by the United States Supreme Court, '[i]n essence, a deficiency as defined in the [United States] Code is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return. Where there has been no tax return filed, the deficiency is the amount of tax due." *Id*. (quoting *Laing v. United States*, 423 U.S. 161, 173-74, 96 S. Ct. 473, 46 L. Ed. 2d 416 (1976)). If the IRS determines that there is a deficiency, the IRS is authorized to send notice of such deficiency to the taxpayer pursuant to 26 U. S.C. § 6212(a). *Id*. An "assessment" is a procedure in which the IRS "records the liability of the taxpayer in IRS files." *Id*. at *3. "[T]he mailing of a notice of deficiency is a statutory prerequisite to a valid tax assessment." *Id*. at *4.

Here, this Court has jurisdiction pursuant to 28 U.S.C. § 1340, which provides for original jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue. . . ." By failing to answer the Complaint, the undersigned finds that Ashman admitted that the taxes, interest, and penalties were assessed against him, that the notices of assessment and demand for payment were issued to him, and that he failed to satisfy the assessments. The

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

undersigned recommends that Plaintiff's allegations are enough to establish Ashman's liability to the United States for unpaid federal income tax for tax years 2004, 2005, 2006, and 2007.

### B. Assessment

Federal income tax assessments are presumed to be valid. *See United States v. Chila*, 871 F.2d 1015, 1018-19 (11th Cir. 1989); *George v. United States*, 819 F.2d 1008, 1013 (11th Cir. 1987) ("The commissioner's determination of a tax deficiency is presumed to be correct."). "Unless a taxpayer shows that the IRS computed a tax assessment arbitrarily and without foundation, the IRS's calculation of the assessment is presumptively correct." *United States v. Mathewson*, 839 F. Supp. 858, 860 (S.D. Fla. 1993) (citing *Olster v. Commissioner of Internal Revenue*, 751 F.2d 1168, 1174 (11th Cir. 1985).

In support of the Motion, Plaintiff has attached the declaration of IRS Revenue Officer Advisor McHale and the transcripts of the account concerning Ashman's unpaid federal income tax liabilities for tax years 2004, 2005, 2006, and 2007. Doc. 13-1. Officer Advisor McHale states that it is her duty to collect unpaid income taxes and she has reviewed the IRS records regarding the federal income taxes assessed against Ashman for those years. *Id*. Attached to the declaration are the transcripts of the account concerning Ashman's unpaid federal tax liabilities and she declares that the forms are compilations of information transmitted by individuals with knowledge of those matters at or near the time of their occurrence. *Id*.

Officer Advisor McHale avers that the transcripts show that the IRS made the assessment with respect to Ashman, she confirmed the assessments, and computed the unpaid balance of the assessments, plus interest through February 15, 2020 for tax years 2004, 2005, 2006, and 2007. *Id*. The computation is attached to the declaration. *Id*. Officer Advisor McHale avers that as of February 15, 2020, Ashman's total tax liability for tax years 2004, 2005, 2006, and 2007,

considering all credits, payments, and abatements, is $235,279.09. *Id*. Plaintiff has also attached a declaration and report reflecting that Ashman's name and social security number were entered into the Servicemembers Civil Relief Act website which showed that Ashman is not a member of any branch of the United States Military. *Id*.

Plaintiff's tax assessments are presumptively correct as a matter of law and, because Ashman has not contested the amount of the assessments or the unpaid liabilities in response to the Complaint or the Motion, Ashman has failed to overcome the presumption of correctness of the assessments. *See*, *e.g.*, *United States v. McHaffie*, 2008 WL 5724293 (N.D. Ga. Dec. 29, 2008), *United States v. McDermott*, 2009 WL 1090050 (M.D. Fla. Feb. 19, 2009); *United States v. Michael*, 2007 WL 1655856 (June 7, 2007). The undersigned recommends that Plaintiff has sufficiently established the amount due to the United States.

## V.     Conclusion

Based on the foregoing, it is **RECOMMENDED** that the Court grant the Motion for Default Judgment, award judgment in favor of the United States and against Ashman in the amount of $235,279.09, plus fees and statutory additions as provided by law from February 15, 2020 to the date of payment in full.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

**Recommended** in Orlando, Florida on May 15, 2020.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties